**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DANIEL ORIAKHI,           :   Civ. A. No. 08-3716(NLH)(AMD)
                              :
       Plaintiff,        :
                              :
     v.                :   **OPINION**
                              :
UNITED STATES OF AMERICA,  :
                              :
       Defendant.        :

**APPEARANCES:**

Daniel Oriakhi
36758-053
P.O. Box 420
Fairton, NJ 08320

    *Pro se*

David Edward Dauenheimer, Esquire
Office of the U.s. Attorney
970 Broad Street
Newark, NJ 07102

    *Attorney for defendant*

**HILLMAN**, District Judge

    This matter has come before the Court on Defendant's motion to dismiss Plaintiff's Complaint for lack of jurisdiction.  For the reasons expressed below, Defendant's motion will be granted.

<u>BACKGROUND</u>

    Plaintiff, Daniel Oriakhi, is an inmate at FCI Fairton Dix. In his Complaint, Plaintiff claims that when he was released from a short stay in the Segregated Housing Unit (SHU), Bureau of Prison (BOP) officers did not return all of his personal

belongings that he checked-in prior to being admitted into SHU. Plaintiff complied with the Federal Tort Claims Act (FTCA) by filing a notice of claim for the loss of his property. Defendant denied his claim. Plaintiff then filed his Complaint, *pro se*, with this Court. His claim is for $314.00, plus $100.00 for expenses.

Defendant has filed a motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Civil Procedure Rule 12(b)(1). Plaintiff has opposed Defendant's motion.

## DISCUSSION

Defendant has moved to dismiss Plaintiff's claim, arguing that a BOP officer who is accused of losing an inmate's property is immune from liability under the Federal Tort Claims Act (FTCA). Defendant is correct that the Supreme Court has so held. Ali v. Federal Bureau of Prisons, 128 S. Ct. 831, 840-41 (2008) (holding that the FTCA does not waive the United States' sovereign immunity in suits by prisoners for lost property).[1]

---

[1]According to a letter dated April 14, 2008 from Regional Counsel of BOP to Plaintiff, (Exhibit to Pl.'s Opp. Br.), Plaintiff filed an Administrative Tort Claim for his lost property; it was properly received by the BOP on October 17, 2008; but Plaintiff was not offered a settlement after an investigation revealed that there was no evidence to suggest that he experienced a compensable loss as the result of negligence on the part of any BOP employee. The letter also states, "If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this

Plaintiff contends that despite the holding of <u>Ali</u>, this Court
has jurisdiction to hear his case pursuant to 31 U.S.C. §
3723(a)(1), 28 U.S.C. § 1331, 5 U.S.C. § 702-706, and 28 U.S.C. §
1361.  None of these statutes, however, provide subject matter
jurisdiction over Plaintiff's claim.

First, the Administrative Procedures Act, 5 U.S.C. § 702 et
seq., does not allow the filing of a claim for money damages
against the United States in federal court.  <u>Bowen v.
Massachusetts</u>, 487 U.S. 879, 892 (1988); 5 U.S.C. § 702 ("A
person suffering legal wrong because of agency action, or
adversely affected or aggrieved by agency action within the
meaning of a relevant statute, is entitled to judicial review
thereof.  An action in a court of the United States seeking
relief *other than money damages* and stating a claim that an
agency or an officer or employee thereof acted or failed to act
in an official capacity or under color of legal authority shall
not be dismissed nor relief therein be denied on the ground that
it is against the United States or that the United States is an
indispensable party." (emphasis added)).

Second, the mandamus statute does not apply because
Plaintiff is not seeking mandamus relief.  28 U.S.C. § 1361 ("The

---

memorandum."  The Court notes that this direction from BOP
counsel regarding this plaintiff's ability to appeal was contrary
to the Supreme Court's January 22, 2008 decision in <u>Ali v.
Federal Bureau of Prisons</u>, 128 S. Ct. 831 (2008).

district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").

Third, 31 U.S.C. § 3723(a)(1) does not apply because (1) Plaintiff did not file his claim with the BOP pursuant to 31 U.S.C. § 3723(a)(1) (which provides that federal agencies have authority to settle certain "claim[s] for not more than $1,000 for damage to, or loss of, privately owned property that ... is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment"); and (2) even if he did, the Act provides that "[s]ettlement of a claim under this section is final and conclusive," 31 U.S.C. § 3721(k), and therefore the agency's decision is not subject to judicial review, <u>Merrifield v. U.S.</u>, 14 Cl. Ct. 180, 184 (1988).[2]

Fourth, the Tucker Act, as codified at 28 U.S.C. §§ 1346, 1491, does not provide jurisdiction for Plaintiff's claim because it only applies to non-tort claims. See <u>Hahn v. U.S.</u>, 757 F.2d 581, 585-86 (3d Cir. 1985) (explaining that under the Tucker Act,

---

[2]The Supreme Court in <u>Ali</u> noted that by enacting 31 U.S.C. § 3723, Congress has provided an administrative remedy for lost property claimants like Plaintiff. <u>Ali v. Federal Bureau of Prisons</u>, 128 S. Ct. 831, 841 n.7 (2008). The Court also noted that the BOP has settled more than 1,100 such claims in the last three years. <u>Id.</u>

district courts have original jurisdiction, concurrent with the Court of Federal Claims, of any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort).

Finally, 28 U.S.C. § 1331 is a general jurisdictional statute that does not waive the United States government's sovereign immunity. Wyoming v. U.S., 279 F.3d 1214, 1225 (10th Cir. 2002); see also U.S. v. Bein, 214 F.3d 408, 413 (3d Cir. 2000) (citing Lane v. Pena, 518 U.S. 187, 192 (1996)) ("Sovereign immunity protects the Government from suit except insofar as it has waived that immunity.  A waiver must be expressed unequivocally in statutory text and will not be implied.").

Therefore, because Plaintiff has provided no valid basis for subject matter jurisdiction over his claim, it must be dismissed. An appropriate Order will be entered.


Date: April 20, 2009                    s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

5